**ALAN B. BURDICK**, Plaintiff–Appellant, v. **MORRIS TAKUSHI**, Director of Elections, State of Hawaii, **JOHN WAIHEE**, Lieutenant Governor, State of Hawaii, Defendants–Appellees

NO. 13157

(USDC NO. 86–0582HMF)

JULY 21, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

Three questions have been certified to us by the United States District Court for the District of Hawaii. The questions and our answers are as follows.

(1) Does the Constitution of the State of Hawaii require Hawaii's election officials to permit the casting of write–in votes and require Hawaii's election officials to count and publish write–in votes?

Answer. No.

(2) Do Hawaii's election laws require Hawaii's election officials to permit the casting of write–in votes and require Hawaii's election officials to count and publish write–in votes?

Answer. No.

(3) Do Hawaii's election laws permit, but not require, Hawaii's election officials to allow voters to cast write–in votes, and to count and publish write–in votes?

Answer. No.

HRS § 16–1 provides:

> The chief election officer may adopt, experiment with, or abandon any voting system authorized under this chapter or to

be authorized by the legislature. These systems shall include, but not be limited to voting machines, paper ballots, and electronic voting systems. All voting systems approved by the chief election officer under this chapter are authorized for use in all elections for voting, registering, and counting votes cast at the election.

Voting systems of different kinds may, at the discretion of the chief election officer, be adopted for different precincts within the same district. The chief election officer may provide for the experimental use at any election, in one or more precincts, of a voting system without a formal adoption thereof and its use at the election shall be as valid for all purposes as if it had been permanently adopted; provided that if a voting machine is used experimentally under this paragraph it need not meet the requirements of section 16–12.

HRS § 16–22 provides:

The method of marking a paper ballot shall be prescribed by the chief election officer by rules and regulations promulgated in accordance with chapter 91. The chief election officer shall prescribe a uniform method of marking the ballots in all precincts in a county and for absentee voting by paper ballot.

These provisions seemingly might permit the chief elections officer to allow write–in votes pursuant to regulations, or on an experimental basis if such voting did not conflict with other statutes, but our review of the present election statutes leads us to the conclusion that such a conflict exists.

With respect to general and special general elections, HRS § 12–1 provides:

All candidates for elective office, except as provided in section 14–21, shall be *nominated* in accordance with this chapter.

(Emphasis supplied.)

HRS § 12–2 provides in part:

No person shall be a candidate for any general or special general election unless the person has been nominated in the immediately preceding primary or special primary.

Write–in votes therefore cannot be cast or counted and published in such general or special general elections.

HRS Chapter 12 governs primary elections. That chapter does not expressly forbid write–in votes at primary elections.

Hawaii's election laws provide for easy access to the ballot by new, or minority, parties, and by nonpartisan candidates. However, they do require that the nomination process be followed, and they do attempt to make the process of casting and counting ballots an orderly one, where the opportunities for fraud are minimized.

HRS § 12–22 provides that:

> There shall be only one primary or special primary ballot containing the names of all nonpartisan candidates to be voted for and the offices for which they are candidates. The ballot shall be clearly designated as the nonpartisan primary or special primary ballot and shall conform in all other respects to the requirements relative to official party ballots.

This section requires the nonpartisan ballot at the primary to contain the names of all nonpartisan candidates. A write–in candidate would not be on the ballot and thus write–in votes are not possible in this statutory framework.

*Mary Blaine Johnston* for appellant.

*Steven S. Michaels* (*Charlene M. Aina* with him on the brief), Deputies Attorney General, for appellees.